**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re:  GREGORY JULES LORBER, | No.    15-56771 |
| Debtor, | D.C. No. 2:15-cv-04852-MMM |
| ———————————————— | |
| GREGORY JULES LORBER, | MEMORANDUM* |
| Appellant, | |
| v. | |
| FTC COMMERCIAL CORP., a California corporation, | |
| Appellee. | |

| | |
|---|---|
| In re:  GREGORY JULES LORBER, | No.    15-56831 |
| Debtor, | D.C. No. 2:15-cv-04852-MMM |
| ———————————————— | |
| FTC COMMERCIAL CORP., a California corporation, | |
| Appellant, | |
| v. | |
| GREGORY JULES LORBER, | |

———————————————

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellee.

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted May 11, 2017[**]
Pasadena, California

Before: PREGERSON and FRIEDLAND, Circuit Judges, and DONATO,[***] District Judge.

Gregory Lorber appeals the district court's affirmance of the bankruptcy court's judgment. Pursuant to 11 U.S.C. § 727(a)(3), the bankruptcy court denied Lorber discharge of a debt owed to FTC Commercial Corporation ("FTC") after the court found that Lorber failed to maintain adequate business records from which his financial condition could be ascertained.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

[1] The bankruptcy court also deemed the debt non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and found that Lorber had failed to explain satisfactorily a loss of assets, warranting denial of discharge under 11 U.S.C. § 727(a)(5). Because we hold that denial of discharge under § 727(a)(3) was proper, we need not address those conclusions or the arguments about § 727(a)(5) raised in FTC's cross-appeal.

1.	The bankruptcy court did not err in concluding that Lorber's discharge should be denied.  A debtor is not eligible for discharge if he "has . . . failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."  11 U.S.C. § 727(a)(3).  The party objecting to discharge bears the initial burden of proving that discharge should be denied.  *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010).  But once a creditor has shown that inadequate records make it impossible to ascertain a debtor's financial condition, "the burden of proof then shifts to the debtor to justify the inadequacy . . . of the records."  *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008) (quoting *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994)).

After a four-day bench trial, the bankruptcy court determined that FTC, the creditor, had satisfied its burden by showing that Lorber, the debtor, failed to produce electronically stored financial records for several entities he owned and operated, creating uncertainty as to their solvency and, thus, his personal financial condition.  Lorber offered contradictory explanations for that omission, and the bankruptcy court found him not credible.  Moreover, witnesses presented conflicting accounts of the record-keeping practices at Lorber's businesses, and he himself testified inconsistently about how financial information had been

3

maintained, what data remained accessible, and whether he even knew where the relevant records were. In light of the evidence adduced at trial, it was not illogical or implausible for the bankruptcy court to conclude that Lorber had failed to maintain sufficient records of his business transactions to be eligible for discharge. *See Retz*, 606 F.3d at 1196 (stating that the bankruptcy court's factual findings are reviewed for clear error and reversible only if "illogical, implausible, or without support in the record").

2.  Lorber does not seriously challenge the bankruptcy court's findings. Instead, Lorber contends that, notwithstanding the unaccounted for electronic records, the bankruptcy court could have ascertained Lorber's financial condition from other documents produced in discovery. The record does not support that claim, which is further undermined by Lorber's admission that he himself did not know where all the financial records were. To the extent Lorber focuses on the "sheer volume" of documents involved in this litigation, he misapprehends the relevant burdens. Lorber had an "affirmative duty" under § 727(a)(3) to keep and preserve records of his business affairs; he cannot evade that obligation by shifting responsibility to his creditors and the courts to glean whatever might be learned from thousands of pages of discovery. *See Caneva*, 550 F.3d at 762 (quoting *In re Scott*, 172 F.3d 959, 969 (7th Cir. 1999)). Put differently, "if there is a needle in this haystack [of discovery], it is [not] up to the court to find it." *Id.*

4

**AFFIRMED.**